IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ALFREDERICK JONES | : | NO. 09-269 |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                               **November 24, 2009**

On April 22, 2009, Alfrederick Jones was charged in a one-count indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jones seeks suppression of the handgun recovered by officers at the scene of his arrest, arguing this evidence was found during an unconstitutional search. Because the search was conducted with Jones's consent, Jones's motion to suppress is denied.

**FINDINGS OF FACT**

1. On March 6, 2009, at about 6:30 a.m., Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agents and Philadelphia and Pennsylvania police officers arrived at Jones's home to execute a federal arrest warrant for Jones. They knocked and announced their presence. After no one answered, they broke through the door.

2. Several agents and officers found Jones in bed in the master bedroom upstairs. Detective Christopher Marano of the Philadelphia Police Department advised Jones he was being placed under arrest. Jones arose and stood near the bed while officers began collecting clothes for him to wear.

1

3. Detective Marano then verbally recited Jones's *Miranda* rights. Detective Marano asked Jones if he understood, and Jones stated he understood his *Miranda* rights and had no questions regarding those rights.

4. Detective Marano asked Jones if the bedroom contained any guns, weapons, or items which might be of concern to law enforcement. Jones said there was a gun under his mattress and told Detective Marano to "go get it."

5. Pennsylvania Trooper John Cargan then asked Jones if there was anything dangerous in the bedroom, and Jones again responded by stating there was a gun under the mattress and again told the officers to retrieve it.

6. Trooper Cargan lifted the mattress and saw a loaded handgun placed underneath it.

7. Special Agent Jenna Motzenbecker of the ATF photographed and seized the handgun.

8. Jones was not handcuffed during this conversation with officers or during their subsequent search for, and seizure of, the handgun.[1]

**DISCUSSION**

Jones asserts the gun should be suppressed because the search which revealed the gun was conducted without a warrant and without his consent. Alternatively, Jones argues, even if he did consent to the search, such consent was not valid because it was not voluntarily given.

---

[1] Jones's testimony at the suppression hearing entirely contradicted the account of events given by Detective Marano, Trooper Cargan, and Special Agent Motzenbecker. Jones testified he was standing outside his bedroom door when the officers arrived upstairs. Jones stated Detective Marano immediately asked him if Jones had any bombs in the house, and Jones responded he did not. Detective Marano then recited the *Miranda* warnings. Jones stated he was restrained by Trooper Cargan while Special Agent Motzenbecker searched a pile of Jones's clothes lying in a chair. Jones testified Detective Marano lifted the mattress and found the gun. Jones denies telling officers there was a firearm present and denies giving officers permission to search any part of his house. The Court rejects Jones's testimony as not credible.

2

Warrantless searches "are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 129 S. Ct. 1710, 1716 (2009) (citation and internal quotation marks omitted). A warrantless search or seizure does not violate the Fourth Amendment if conducted pursuant to valid consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). To be valid, consent to search must be given voluntarily. *Id.* at 228. "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227. In assessing whether an individual's consent was voluntary, courts examine "the characteristics of the accused and the details of the interrogation." *Id.* at 226. Relevant characteristics of an interrogated individual include his age, education, intelligence, and knowledge of his constitutional rights. *Id.* Relevant characteristics of an interrogation include the length of detention, whether questioning was repeated or prolonged, and whether the individual was deprived of food or sleep or was otherwise subjected to physically taxing circumstances. *Id.*

Officers did not have a warrant to search Jones's residence. Detective Marano, Trooper Cargan, and Special Agent Motzenbecker testified, however, that Jones twice gave verbal consent to search the location where the gun was found. First, Jones answered Detective Marano's question about the presence of guns or other items of concern to law enforcement by stating there was a gun under the mattress and instructing Detective Marano to retrieve it. Second, Trooper Cargan asked whether there were any dangerous items in the bedroom, and Jones again identified the gun's location and told officers to retrieve it. Thus, the officers' search for the gun was conducted pursuant to Jones's consent.

Jones argues, alternatively, even if he consented to the search, such consent was not valid

3

because it was not voluntary under the "totality of all the circumstances" test. *Schneckloth*, 412 U.S. at 227. Although Jones was placed under arrest prior to giving consent to search, "the fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search." *United States v. Watson*, 423 U.S. 411, 424 (1976). The officers' testimony established, though the officers found Jones in bed, he was fully awake and coherent when asked whether there were guns or dangerous items present in the bedroom. Jones was not subjected to prolonged questioning and was not handcuffed at the time he gave consent. In short, there is no evidence Jones was physically or mentally incapable of making the choice to provide or refuse consent. *See id.* at 424-25 (holding the defendant's consent to search was valid where "[t]here is no indication in this record that [the defendant] was a newcomer to the law, mentally deficient, or unable in the face of a custodial arrest to exercise a free choice").

Furthermore, Jones was verbally informed of his *Miranda* rights and stated he understood those rights before he gave consent to the search. Though officers are not required to read a suspect his *Miranda* rights before requesting consent to search, the fact Jones was aware of his *Miranda* rights prior to giving consent tends to show his consent was voluntary. *See Virgin Islands v. Berne*, 412 F.2d 1055, 1062 (3d Cir. 1969) ("[W]here, as here, the subject voluntarily submits to interrogation and freely offers information on the existence and location of specifically identified evidence, and further agrees to surrender the evidence to the police, fully cognizant of his right to remain silent and fully aware that the information he provides may be used against him, the seizure of such evidence does not violate the Fourth Amendment."); *Sewell v. Dever*, 581 F. Supp. 556, 560 (W.D. Pa. 1984) (holding consent to search was voluntary where a suspect was informed of his *Miranda* rights prior to giving consent); *United States v. Lowery*, No. 04-757, 2005 WL 3078222,

at *3 (E.D. Pa. Nov. 15, 2005) ("The law does not require authorities to inform a suspect of his constitutional rights before obtaining his voluntary consent to be searched. Where, as here, the authorities do so inform a suspect, however, it is certainly more likely that his ensuing consent to a search was voluntary.") (citations omitted).

Under the totality of the circumstances, Jones's consent to search under his mattress for the gun was voluntarily given. Thus, the search for the gun was proper under the consent exception to the Fourth Amendment's warrant requirement. Accordingly, Jones's motion to suppress is denied.

An appropriate order follows.