IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 2:09-cr-00269-01 |
| | : | |
| vs. | : | |
| | : | |
| ALFREDERICK JONES | : | |

**SENTENCING MEMORANDUM OF DEFENDANT ALFREDERICK JONES**

### I. Introduction

Mr. Jones was charged, through a single count indictment, with Convicted Felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On November 24, 2009 Mr. Jones appeared before the Honorable Juan R. Sanchez and pled guilty to that charge. The facts of the matter are relatively simple and straight- forward. While serving an arrest warrant at Mr. Jones' home, the police uncovered the loaded firearm that is the subject of the instant indictment, under his mattress. As revealed in the probation department report for Mr. Jones, Mr. Jones has previously been found guilty of a felony.

The following sentencing memorandum is respectfully submitted in order to assist the Court in fashioning an appropriate sentence. The Presentence Investigation Report has reported a total offense level of 24, for the instant offense, with a criminal category of V, for a corresponding guideline range of imprisonment of 92-115 months. In light of the sentence recently received by Mr. Jones for his recent federal conviction (262 months) the Probation Department has recommended a sentence of 65 months or less for the instant offense which they recommend should be run consecutively with the sentence he has just received. For the reasons stated in this memorandum, Mr. Jones and his undersigned counsel respectfully request that the Court not apply the recommended sentence and instead sentence Mr. Jones to a period of

incarceration for the instant offense to run concurrent with the sentence he has received for his recent federal conviction. Moreover, Mr. Jones requests that the court not apply the two-level adjustment for obstruction of justice and grant Mr. Jones the additional one level reduction for his early plea.

## II. Personal Background Information

Mr. Jones is Forty-Two years of age. At the time of the offense he was married and cared for his mother, son and several sisters. He was employed as a barber. In addition to working in the barber-shop he performed volunteer hair cutting services for several non profit agencies. Copies of letters submitted by members of his community and representatives of various agencies are attached to this memorandum[1].

Mr. Jones has endured a great deal of tragedy during his lifetime. Two of his sisters and his mother were diagnosed with breast cancer. He played an integral role in their treatment- taking them to all of their doctor appointments and spending time with them during periods of recovery after treatment. Unfortunately, one of his sisters passed away as a result of cancer.

An additional tragedy occurred since his arrest in this matter. Specifically, his wife (and the mother of his son) died unexpectedly on October 6, 2009. A copy of her death certificate is attached. Although he certainly cannot say with exact certainty Mr. Jones believes that the stress related to this matter was a substantial factor in her demise. Mr. Jones' son is only 20 years old and it would create a severe hardship on him to essentially lose his mother and father for the rest of his life.

---

[1] Defendant notes that the letters attached were previously submitted in connection with Mr. Jones' recent sentencing and have equal application herein.

Mr. Jones submits that even though his criminal history technically could lead to a finding of career offender status, pursuant to the Sentencing Guidelines, a review of the factual underpinnings of those offenses and their age, does not warrant a finding of Career Offender status. The history involves only two crimes that took place over 20 years ago. The robbery plea involved the snatching of a purse from an acquaintance during an argument. Mr. Jones was 17 years old, however, he was certified as an adult and pled guilty as part of a combined deal with his second offense.

His second offense involved the shooting of an individual in self defense. He was given a sentence of 10 to 20 years and was paroled on March 22, 2001.

As stated above, Mr. Jones was sentenced to a period of incarceration of 262 months for his recent federal conviction. That sentence, which is five times the sentence that the Sentencing Guidelines would have called for had there not been a finding by the sentencing judge. It would be unreasonably harsh to add an additional 5 plus years to the already long sentenced given to Mr. Jones.

### III. LEGAL ANALYSIS

The overriding principle and basic mandate of Section 3553 (a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553 (a)(2):

(a)     retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide "just punishment");

(b)     deterrence;

(c)     incapacitation ("to protect the public from further crimes"); and

(d)    rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner).

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). These are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

Section 3553 is to be read in conjunction with 18 U.S.C. § 3582 which directs, in essence, that in determining whether and to what extent imprisonment is appropriate based on the Section 3553 (a) factors, the judge is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation.

A review of each of these factors demonstrates that Mr. Jones sentence should be lower than the range indicated by the Probation office and it should NOT run consecutive to the 262 month sentence that he has just received. Mr. Jones has made mistakes in the past but he is not a career offender as that term was contemplated by Congress. The 262 month sentence he is currently serving certainly satisfy the stated objectives of 3553.

## VI. Conclusion

Mr. Jones respectfully requests the Court to impose a sentence that will serve as appropriate and fair punishment for his wrongdoing, but will not overly penalize him simply because he made some mistakes over twenty years ago for which he has paid his debt to society.

4

It is respectfully submitted to the Court that no legitimate purpose would be served by a sentence that would effectively end his life in jail. While the offenses committed by Mr. Jones are no doubt serious in nature, it should be noted that violence was not involved.

For all of the reasons set forth in this memorandum, Mr. Jones and his counsel request imposition a sentence of no more than 40 months to run concurrently with the 262 month sentence that he is already serving.

Respectfully submitted,

/s/ Arnold C. Joseph
Arnold C. Joseph, Esquire
Joseph & Associates
510 E. Township Line Rd.
Suite 130
Blue Bell, Pa. 19422


Counsel for Defendant