IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 09-269 |
| | : | |
| v. | : | CIVIL ACTION No. 12-2046 |
| | : | |
| ALFREDERICK JONES | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                              **June 10, 2014**

Defendant Alfrederick Jones has filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. Jones alleges his attorney was ineffective for (1) incorrectly advising him that his sentence in the above-captioned criminal case would, as a matter of law, be run concurrently with his sentence in another federal criminal case pending before a different judge in this district, and (2) failing to communicate two separate plea offers to him. Because it is clear on the existing record, supplemented with discovery Jones himself requested, that Jones is not entitled to relief on either claim, his § 2255 motion will be denied without an evidentiary hearing.

## FACTS

On March 6, 2009, law enforcement officers executing a warrant for Jones's arrest on federal cocaine distribution charges recovered a loaded handgun under the mattress of Jones's bed. The following month, Jones was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1]

---

[1] Although Jones incurred the firearm charge in connection with his arrest on the cocaine distribution charges, the drug charges pertained to offense conduct in October and November 2007. Jones was indicted separately for the drug offenses, and his criminal cases were assigned to two different district judges. The cocaine distribution case—Criminal No. 09-137—was assigned to the Honorable R. Barclay Surrick; the firearm case was assigned to this Court.

Jones proceeded to trial in the cocaine distribution case and was convicted of both counts in September 2009.  In this case, Jones moved to suppress the handgun seized during his arrest as the fruit of an unconstitutional search.  On November 24, 2009, following a suppression hearing at which Jones testified, this Court denied the motion, finding Jones had consented to the search and rejecting his argument that his consent had not been freely given.  The Court specifically found Jones's testimony at the suppression hearing was not credible.

Later in the day on November 24, Jones entered an open guilty plea to the firearm charge. At the outset of the change of plea hearing, defense counsel confirmed there was no agreement between the parties with respect to the plea, except that the Assistant United States Attorney had indicated the Government did not intend to prosecute Jones for perjury based on the fact that his guilty plea would require him to admit to facts contradicting testimony he had given only days earlier at the suppression hearing.  *See* Change of Plea Hr'g Tr. 3-4, Nov. 24, 2009.  Defense counsel specifically acknowledged there was no agreement between the parties as to sentencing and that the appropriate sentence—as well as the applicable sentencing range under the federal Sentencing Guidelines—would be for the Court to decide.  *See id.* at 3 ("[T]here's no agreement between the Government and the defense with respect to this plea, it's a plea that we're taking and the sentence is entirely up to you.").  During the plea colloquy, this Court confirmed Jones understood he was facing a statutory maximum sentence of ten years on the firearm charge, and Jones denied that anyone had done anything to induce him to plead guilty.  *See id.* at 17, 19-20. On the contrary, Jones stated he was pleading guilty because he "want[ed] to accept responsibility for [his] actions."  *Id.* at 16.  There was no discussion at the change of plea hearing of Jones's separate cocaine distribution case.  Neither the Court nor the parties made any

2

representations as to how Jones's sentence on the firearm charge would (or should) be run vis-à-vis his sentence on the cocaine distribution charges.

On January 6, 2010, Jones proceeded to sentencing in the cocaine distribution case.  After finding that Jones's criminal history qualified him as a career offender under the Sentencing Guidelines, the court in the cocaine distribution case sentenced Jones to 262 months of imprisonment on each count, to run concurrently.  The sentence imposed was at the bottom of the applicable Guidelines range of 262–327 months.

The sentencing hearing in this case was held two months later, on March 3, 2010.  In the Presentence Investigation Report (PSR), the probation officer calculated Jones's Guidelines range for the firearm offense as 92–115 months.  Because Jones was subject to an undischarged term of imprisonment on the cocaine distribution charges, the PSR stated that under U.S.S.G. § 5G1.3(c), the Court had discretion to run the sentence for the firearm charge "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  PSR ¶ 82.  The probation officer recommended that to achieve a reasonable incremental punishment for the firearm offense, a consecutive sentence of 65 months (i.e., the difference between the high and low ends of the applicable Guidelines range on the cocaine distribution charges) or less be imposed.[2]

Although recognizing the Court had discretion as to how to run the sentence for the firearm charge, both in his sentencing memorandum and at the sentencing hearing, defense counsel objected to the probation officer's recommendation of a consecutive sentence.  Defense counsel instead urged Court instead to impose a concurrent sentence of no more than 40 months,

---

[2] Jones did not submit objections to the PSR.  When asked at the sentencing hearing whether he had an opportunity to discuss the PSR with counsel, Jones stated he was "under the impression when [he] pleaded out to this, that it was gonna be a concurrent sentence," Sentencing Hr'g Tr. 15, Mar. 3, 2010, but he confirmed he had no objections to the PSR, *id.* at 19.

arguing the recommended 65-month consecutive sentence would be unduly harsh in light of the lengthy sentence imposed in the cocaine distribution case.   After considering the parties' arguments and the factors set forth in 18 U.S.C. § 3553(a), and after hearing from Jones himself, this Court sentenced Jones to 65 months of imprisonment, a below-Guidelines sentence, to be served consecutively to any other term of imprisonment, including the 262-month sentence in the cocaine distribution case.

Jones thereafter filed a direct appeal, which was consolidated with his appeal in the cocaine distribution case.[3]  Jones did not pursue his appeal in this case, and the Third Circuit Court of Appeals dismissed the appeal on October 14, 2011.

On April 18, 2012, Jones filed the instant § 2255 motion, alleging his trial counsel was constitutionally ineffective for (1) erroneously promising him that his sentence on the firearm charge would run concurrently with the sentence imposed on the cocaine distribution charges, and (2) failing to advise him of two separate plea offers from the Government to resolve both the firearm and the cocaine distribution charges for a ten-year concurrent sentence.  As to the latter claim, Jones alleges that at some point after his sentencing hearing, certain unspecified family members advised him that his appellate counsel advised the family members that "there were two separate plea agreements in his case that were unsigned" and that the plea agreements "explicitly stated that the Government offered a ten {10} year[] concurrent sentence for both federal cases."  Def.'s § 2255 Mot., ECF No. 40 at 17.[4]  Jones alleges that had he been aware of the plea agreements, he would have accepted one of them, resulting in sentence dramatically

---

[3] Jones was represented by new counsel on appeal.

[4] Jones's § 2255 motion consists of two parts:  the standard form motion required by this Court and a supplemental typewritten motion.  Because the two documents are part of the same docket entry, and for ease of reference, the Court will treat the documents as a single, consecutively paginated motion.

lower than the aggregate 327-month sentence he is currently serving in both cases (consisting of 262 months in Criminal No. 09-317, plus 65 months consecutive in this case).  Jones asks the Court to vacate his sentence or, in the alternative, to hold an evidentiary hearing on his claims.

In his § 2255 motion, Jones also sought discovery, requesting that the Court order "the prosecutor that handled his cases to provide, for the record, copies of the two plea agreements that w[ere] not presented to him by trial counsel."  *Id.* at 19 (emphasis omitted).  Although the Government, in its response to Jones's § 2255 motion, denied having offered any such plea agreements, the Government did not submit an affidavit to that effect.  By Order of August 20, 2013, this Court granted Jones's request for discovery and directed the Government to produce to Jones and to the Court copies of any written plea agreements offered to Jones's counsel to resolve the charges in this case or, if no plea agreement was offered, to submit an affidavit so stating.  Because Jones had represented, in a § 2255 motion filed in the cocaine distribution case, that the plea offers from the Government which counsel allegedly failed to communicate to him were located in his case files, *see United States v. Jones*, Crim. No. 09-137, Def.'s § 2255 Mot., ECF No. 69 at 16, the Court also ordered Jones to submit copies of any agreements located in his (or his counsel's) case files or to explain why he could not do so.  In a September 14, 2013, letter, Jones advised the Court he does not have copies of the plea agreement because his appellate attorney did not send copies of the agreements to him or his family members.  On September 20, 2013, the Assistant United States Attorney who prosecuted both of Jones's criminal cases submitted an affidavit stating "[t]here were no plea agreements offered by the government to the defendant Alfrederick Jones or his counsel."  Zittlau Aff., ECF No. 46-1.

**DISCUSSION**

Under § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989); *see also United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992) ("If a prisoner's § 2255 allegations raise an issue of material fact, the court is required to hold an evidentiary hearing."). In determining whether an evidentiary hearing is warranted, the court must review not only the defendant's § 2255 motion but also "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 [of the Rules Governing § 2255 Proceedings]."[5] Rule 8(a), Rules Governing § 2255 Proceedings.

Claims of ineffective assistance of counsel, including such claims arising in the plea bargain context, are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To establish a claim for a violation of the Sixth Amendment right to effective

---

[5] Under Rule 7, the court may "direct the parties to expand the record [in a § 2255 proceeding] by submitting additional materials relating to the motion," including "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," as well as affidavits. In granting Jones's request for discovery, this Court relied in part on Rule 7.

assistance of counsel, a defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687.  With regard to counsel's performance, the defendant must demonstrate "counsel's representation fell below an objective standard of reasonableness," which requires "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687-88.  To establish prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Because a defendant must show both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim, a court reviewing such a claim need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.  Thus, a court may dispose of an ineffective assistance of counsel claim based on a lack of sufficient prejudice without addressing whether counsel's performance was deficient. *See id.*

Taking Jones's second claim first, Jones alleges his counsel was ineffective for failing to inform him of two separate written plea agreements in which the Government purportedly "offered a ten {10} year[] concurrent sentence for both federal cases," i.e., this case and the cocaine distribution case.  Def.'s § 2255 Mot., ECF No. 40 at 17.  "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408.  To show prejudice from counsel's failure to honor this duty, a defendant must demonstrate a reasonable probability both that he "would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel," and that "the plea would have been entered without the

prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under [applicable] law." *Id.* at 1409.

Jones's claim that the Government made formal plea offers which his counsel failed to communicate to him is based solely on his allegation—made in his § 2255 motion and repeated in his September 14, 2013, letter to the Court—that "he was advised by his family after his sentencing hearing for both cases that appellant counsel, Richard A. Shore, advised them that there were two separate plea agreements in his case that were unsigned" and that "[t]he plea agreements explicitly stated that the Government offered a ten {10} year[] concurrent sentence for both federal cases." Def.'s § 2255 Mot., ECF No. 40 at 17; *see also* Def.'s Letter of Sept. 14, 2013, ECF No. 47 (stating Jones bases his claim regarding the uncommunicated plea offers "on the statements of Mr. Shore [to Jones's family members] as to the existence of the agreements"). Presumably because he did not possess copies of the plea offers, Jones requested discovery on this issue, asking the Court to order the Government to produce copies of the two plea agreements offered to defense counsel. The Court granted the limited discovery Jones sought, but the Government's response—a sworn affidavit from the AUSA who handled the prosecution in both of Jones's federal cases—indicates "[t]here were no plea agreements offered by the government to the defendant Alfrederick Jones or his counsel." Zittlau Aff. ¶ 4, ECF No. 46-1. Because Jones alleged the purported unsigned plea agreements were located in his case files, and therefore should have been accessible to Jones upon request, the Court also directed Jones to produce copies of the alleged plea agreements or to explain why he could not do so. Jones thereafter advised the Court he did not have copies of the plea agreements because his appellate counsel did not send the agreements to him or his family members, despite having advised the family members of their existence.

Upon review of record, including the Government's sworn affidavit that no plea agreements were offered, the Court finds Jones's allegations are insufficient to warrant further development at an evidentiary hearing.  Jones claims unspecified family members told him that his appellate counsel told them that such agreements existed and were located in his case files. However, he has provided no details regarding this alleged exchange, including which family members were involved or when the conversation took place, much less submitted an affidavit from any of the participants.[6]  While Jones maintains he cannot produce the plea agreements because his appellate counsel did not provide them to him or his family members, he has given no indication that he has made any effort to obtain the alleged plea agreements from his counsel. Nor has he submitted an affidavit from his appellate counsel attesting to the agreements' existence.[7]

Given the vagueness of and lack of any evidentiary support for Jones's allegations regarding the plea offers, and given the Government's sworn denial that any plea offers were extended, the Court finds Jones has provided no basis to conclude any such agreements exist, as required to show counsel's performance was deficient.  Indeed, Judge Surrick recently rejected the substantially identical claim Jones raised in his § 2255 motion in the cocaine distribution

---

[6] Jones alleges "he was advised by his family *after his sentencing hearing for both cases* that . . . Shore[] advised them that there were two separate plea agreements in his case that were unsigned."  Def.'s § 2255 Mot., ECF No. 40 at 17 (emphasis added).  Jones was sentenced in the cocaine distribution case in January 2010 and in this case in March 2010.  Mr. Shore, who did not represent Jones in the district court, entered his appearance in Jones's appeal in September 2010.  *See United States v. Jones*, No. 10-1684, Entry of Appearance (3d Cir. Sept. 24, 2010).  It is thus not clear from Jones's motion when he contends his family members' exchange with Mr. Shore occurred.

[7] In its August 2013 Order granting limited discovery, the Court commented on the lack of an affidavit from Jones's appellate counsel corroborating Jones's second-hand account of what counsel told his family members; however, Jones has not corrected this deficiency.

case, finding the claim was without merit because Jones's allegations regarding the plea agreements "lack[ed] both specificity and evidentiary support." *United States v. Jones*, Crim. No. 09-137, Mem. 6-7 (E.D. Pa. Apr. 8, 2014). *Cf. United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (holding district court correctly declined to consider the defendant's "unelaborated statement" that a potential witness saw a prosecution witness "manufacturing evidence," where defendant failed to indicate "what that evidence was, much less how it was being 'manufactured,'" and also properly dismissed claims that two other witnesses would have provided exculpatory testimony, where witnesses did not submit affidavits stating they would have testified).[8]

---

[8] Insofar as Jones alleges the uncommunicated plea offers would have *required* the Court to impose a ten-year concurrent sentence in this case, Jones also has not shown a reasonable probability the Court would have accepted the plea. *See Frye*, 132 S. Ct. at 1409 (holding to show prejudice where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must show, inter alia, a reasonable probability that the plea would have been entered without the trial court refusing to accept it). Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties' stipulation to a specific sentence is binding on the court once the court accepts a plea agreement containing such a stipulation; however, the court has discretion to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). This Court's practice with respect to plea agreements entered into pursuant to Rule 11(c)(1)(C) is to accept such pleas only conditionally, pending review of the PSR. Here, the PSR recommended a consecutive sentence of 65 months or less so as to achieve a reasonable incremental punishment for the firearm offense beyond the 262-month sentence imposed in the cocaine distribution case. At sentencing, defense counsel urged the Court to impose a concurrent sentence, arguing the aims of sentencing would be more than adequately served by the 262-month sentence imposed in the cocaine distribution case, but the Court rejected counsel's argument, finding a consecutive sentence was necessary to reflect the seriousness of, and to provide incremental punishment for, the firearm offense. Given the Court's conclusion that a 65-month consecutive sentence was necessary to provide incremental punishment for the firearm offense above the 262-month sentence imposed in the cocaine distribution case, it is not reasonably probable that had the applicable sentence in the distribution case been only 120 months, the Court would have agreed a concurrent sentence was appropriate. Jones thus has not shown he was prejudiced by counsel's failure to communicate a plea offer that would have required the Court to impose a ten-year concurrent sentence in this case, as it is not reasonably probable the Court would ultimately have accepted a Rule 11(c)(1)(C) plea with a concurrent sentence.

Jones also argues his counsel rendered ineffective assistance by erroneously advising him about the sentence he would receive in this case. Although Jones concedes he was aware he could receive up to ten years of imprisonment on the firearm charge, he asserts his attorney promised him his sentence in this case would be run concurrently with the sentence imposed in the cocaine distribution case as a matter of law, when in fact the issue was within the Court's discretion. *See* Jones Decl. 1, ECF No. 40 at 24. Assuming Jones can establish his attorney advised him incorrectly about his sentence, and assuming counsel was ineffective for doing so, Jones still has not established a basis for relief as he has not shown he was prejudiced by the erroneous advice.[9]

"In a challenge to a guilty plea based on ineffective assistance of counsel, the prejudice inquiry takes the form of 'whether counsel's constitutionally ineffective performance affected the outcome *of the plea process*.'" *United States v. Orocio*, 645 F.3d 630, 643 (3d Cir. 2011) (quoting *Hill*, 474 U.S. at 59), *abrogated on other grounds by Chaidez v. United States*, 133 S. Ct. 1103 (2013). To satisfy the prejudice requirement in such a case, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded

[9] Although Jones frames this claim as a claim that counsel "rendered ineffective assistance of counsel at sentencing," Def.'s § 2255 Mot., ECF No. 40 at 15, the Court understands Jones to be arguing counsel was ineffective during the plea process by erroneously promising him a concurrent sentence. The Court interprets Jones's claim in this manner because Jones appears to contend counsel gave him the erroneous advice around the time of his guilty plea, *see id.* (arguing Jones's allegation regarding the promise of a concurrent sentence is supported by his testimony at the sentencing hearing that he "was under the impression when [he] pleaded out to this, that it was gonna be a concurrent sentence"), and because Jones argues the advice impacted his decision to enter an open guilty plea, *see id.* at 16 (alleging if Jones had known he would receive a consecutive sentence, he would have "sought to relieve {fire} trial counsel of his duties . . . and negotiated a plea agreement with the Government"). Insofar as Jones is also alleging counsel was ineffective at sentencing by failing to obtain a concurrent sentence, the Court agrees with the Government that Jones has not shown counsel's performance was deficient. Although Jones's counsel did not file formal objections to PSR, which recommended a consecutive sentence, counsel urged the Court to exercise its discretion to impose a concurrent sentence both in his sentencing memorandum and at the sentencing hearing.

guilty and would have insisted on going to trial." *Id.* (quoting *Hill*, 474 U.S. at 59); *see also Frye*, 132 S. Ct. at 1409 (reaffirming that the prejudice standard laid out in *Hill* continues to apply "[i]n cases where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial").

Here, Jones does not allege that had he known he could receive a consecutive sentence in this case, he would not have pleaded guilty to the firearm charge. Rather, he asserts that had he been correctly advised, he would have "sought to relieve {fire} trial counsel of his duties . . . and negotiated a plea agreement with the Government, which unknown to the petitioner already existed." Def.'s § 2255 Mot., ECF No. 40 at 16 (emphasis omitted); *see also* Jones Decl. 2, ECF No. 40, at 25. This allegation falls short of the showing required by *Hill*. *See Orocio*, 645 F.3d at 643; *see also United States v. Moya*, 676 F.3d 1211, 1213-14 (10th Cir. 2012) (finding ineffective assistance of counsel claim based on counsel's failure to negotiate a plea agreement that preserved the defendant's rights to appeal the denial of his suppression motion and to pursue a downward departure lacked merit where the defendant "failed to allege that he would have not pleaded guilty absent his attorney's deficiencies"); *Bethel v. United States*, 458 F.3d 711, 720 (7th Cir. 2006) ("Under *Hill* and its progeny, a claim that a defendant would not have entered this particular plea agreement is not sufficient to show prejudice.").

Even assuming Jones could establish prejudice by showing counsel's erroneous advice affected the outcome of the plea process in some other way (i.e., short of showing that but for the advice he would not have pleaded guilty), Jones has not made such a showing here. Although Jones argues he would have negotiated a plea agreement for a concurrent sentence along the lines of the agreements he claims were offered, as discussed above, there is no basis to believe

any such agreements were in fact offered. Jones therefore has not shown a reasonable probability he could have negotiated a plea for a better sentence.

Because the record in this case conclusively shows Jones is not entitled to relief on either of his ineffective assistance of counsel claims, his § 2255 motion will be denied without an evidentiary hearing. Moreover, because Jones has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

An appropriate order follows.

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, J.